IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE CAIN, | ) | |
|         Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 05-1544 |
| | ) | Judge Thomas M. Hardiman/ |
| MEDCAIL DEPARTMENT, | ) | Magistrate Judge Amy Reynolds Hay |
| Allegheny County, | ) | |
|         Defendant | ) | |

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the complaint (doc. no. 3) in the above-captioned case be dismissed for failure to prosecute.

II.  Report

The plaintiff, Eugene Cain, has presented a civil rights complaint against the Medcail [*sic*] Department, Allegheny County. In his complaint, plaintiff alleges that his "medcail [*sic*] rights" have been violated.

On December 14, 2005, this Court issued an order directing plaintiff to submit the authorization form and the initial filing fee in the amount of $18.96 within twenty days. When plaintiff failed to submit the initial filing fee and form this Court issued an Order to Show Cause, returnable on February 28, 2006, why the case should not be dismissed for plaintiff's failure to prosecute. To date, plaintiff has failed to respond to both Court Orders or give any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Orders which weighs heavily against him. Plaintiff's obligation to respond to the Orders of Court was not only solely his personal responsibility but his continuing failure to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- since the Complaint has not been served, there appears to be no specific prejudice to defendant other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendant may have meritorious defenses. Nevertheless, "[n]ot all of

these factors need be met for a district court to find dismissal is warranted." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action <u>in forma pauperis</u>, it does not appear that monetary sanctions are appropriate. However, because he has failed to respond to the Court's Orders it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

        Respectfully submitted,
        /s/    Amy Reynolds Hay
        AMY REYNOLDS HAY
        United States Magistrate Judge


Dated:   8 March, 2006


cc:   Eugene Cain
      FZ-4226
      SCI Coal Township
      1 Kelley Drive
      Coal Township, PA 15866